NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACK STEVEN COBURN,

             Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

             Defendant-Appellee.

No.   19-36095

D.C. No. 3:18-cv-01559-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted May 20, 2022
Pasadena, California

Before: MILLER and COLLINS, Circuit Judges, and KORMAN,[**] District Judge.

Jack Steven Coburn appeals from the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. The only issue on this appeal is

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

whether the ALJ erred in discounting the opinion of Coburn's treating physician, Dr. James Baker. The district court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

Since at least 2011, Coburn has suffered from asthma. On occasion, Coburn's asthma "flares" up, causing him to cough up phlegm, wheeze, and experience shortness of breath. On April 23, 2015, Coburn retired early from his job as a truck driver due to the increasing severity of his asthma flare ups. In June 2015, Coburn applied for disability benefits, alleging a disability onset date of April 23, 2015. On May 24, 2017, Dr. Baker completed a questionnaire as to Coburn's medical condition. On the second page of this questionnaire, Dr. Baker opined that Coburn met an outdated Social Security listing for asthma—"asthma attacks, in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months, or at least six times a year"—since 2011. On the third page of the questionnaire, Dr. Baker indicated that he would expect Coburn to miss two full workdays or more every month because of his recurrent asthma attacks, and that this had been the case since April 23, 2015.

In his decision denying Coburn disability benefits, the ALJ assigned only

2

"little weight" to Dr. Baker's opinion. Because Dr. Baker was a treating physician whose opinion was contradicted by state agency physicians, the ALJ had to provide "specific and legitimate" reasons to reject Dr. Baker's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).[1] The ALJ first discounted Dr. Baker's opinion that Coburn's condition equaled the Social Security listing for asthma because Dr. Baker had relied on an outdated listing. He then discounted Dr. Baker's opinion that Coburn would miss two full days of work a month on the basis that Coburn "was able to work for several years following 2011, and reported seeing his work hours reduced only in January of 2015." He also found Coburn's report in July 2014 "that he had only experienced two exacerbations in the past six months that had caused him to miss work" inconsistent with Dr. Baker's opinion.

The ALJ erred. Coburn's work history and statements showing that his asthma did not cause him to miss more than a couple of days of work every six months between 2011 and July 2014 are not inconsistent with Dr. Baker's opinion that Coburn's asthma would cause him to miss two full days of work a month *during the period after April 23, 2015*. Coburn's medical records show that

---

[1] Because Coburn filed his claim before March 27, 2017, the "specific and legitimate" standard applies. *See* 20 C.F.R. § 404.1527(c); *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

Coburn's asthma control declined in 2015, so the evidence the ALJ relied on of Coburn's capabilities before 2015 did not provide a legitimate basis for the ALJ to discount Dr. Baker's opinion of Coburn's capabilities from April 23, 2015 onwards.

The ALJ's error was not harmless. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). While the ALJ validly rejected Dr. Baker's opinion that Coburn's asthma met the Social Security listing requirements because Dr. Baker had relied on an outdated listing, Dr. Baker's reliance on this outdated listing does not constitute a specific and legitimate reason to reject the parts of Dr. Baker's opinion that do not concern that listing. *See Smolen v. Chater*, 80 F.3d 1273, 1286–88 (9th Cir. 1996). And while it may be the case that Dr. Baker's treatment notes after April 23, 2015 do not support his opinion as to the severity of Coburn's asthma, we cannot uphold the ALJ's decision on grounds on which the ALJ did not rely. *See SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943).

As "we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions," we reverse the district court with instructions to remand this case to the agency for reconsideration of Dr. Baker's opinion. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir.

4

2015). Because we believe that "the record as a whole creates serious doubt as to whether [Coburn] is, in fact, disabled within the meaning of the Social Security Act," we do not remand for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

**REVERSED and REMANDED for further proceedings.**